25CA2220 Gray v ICAO 03-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA2220
Industrial Claim Appeals Office of the State of Colorado
DD No. 26365-2025

Paula Chanae Gray,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Compassionate
Connections, LLC,

Respondents.

ORDER AFFIRMED

Division V
Opinion by JUDGE LIPINSKY
Welling and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 26, 2026

Paula Chanae Gray, Pro Se

No appearance for Respondent Industrial Claim Appeals Office

Johnson Muffly & Dauster, PC, Benjamin Kramer, Isabel M. Feldmann, Fort
Collins, Colorado, for Respondent Compassionate Connections, LLC

¶ 1     Paula Chanae Gray seeks review of the Industrial Claim Appeals Office (Panel) order dismissing her unemployment benefits appeal.  We affirm.

## I.     Background

¶ 2     Gray worked as a personal care aide for Compassionate Connections, LLC (employer).  Gray applied for unemployment insurance benefits when she separated from employer.  After reviewing information from Gray and employer, a deputy for the Division of Unemployment Insurance found that Gray had resigned her position and was therefore not entitled to benefits.  Gray appealed the deputy's decision, and the Division scheduled a telephonic evidentiary hearing (the first hearing) to consider the reasons for Gray's employment separation.

¶ 3     When Gray did not appear at the first hearing, the hearing officer dismissed her appeal.  The notice of dismissal included instructions for requesting a new hearing.  Gray requested and received a date for a new hearing (the second hearing).

¶ 4     But Gray did not appear for the second hearing, and the hearing officer again dismissed her appeal.  The notice of dismissal stated that the deputy's decision was final.

1

¶ 5    Gray appealed the dismissal to the Panel, which affirmed.

II.    Standard of Review and Applicable Legal Principles

¶ 6    We may only set aside the Panel's decision if (1) the Panel acted without or in excess of its powers; (2) its decision was procured by fraud; (3) the factual findings did not support its decision; or (4) the decision was erroneous as a matter of law. § 8-74-107(6), C.R.S. 2025.

¶ 7    Any interested party may appeal a deputy's decision. § 8-74-103(1), C.R.S. 2025.  If a party fails to participate in a hearing held on an appeal from a deputy's decision and files a request for a new hearing, the Panel may only grant the request upon a showing of good cause.  Div. of Unemployment Ins. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 8    However, if the party requesting the appeal failed to participate in a *second hearing* that was set because the party failed to participate in a first hearing, "good cause may not be established" and "the appeal shall be dismissed and the deputy's decision shall become final."  *Id.* at Reg. 12.1.3.5.  Under those facts, "the division shall issue a notice to all interested parties that the appeal has

2

been dismissed and that no further rescheduled hearings shall be granted." *Id.*

### III.   Discussion

¶ 9     Gray appears to argue that (1) she was denied an opportunity to be heard, in violation of her right to due process; (2) the Panel erred as a matter of law by failing to consider her argument that good cause existed to excuse her failure to appear at the second hearing; (3) the deputy erred by deciding the merits of her claim; and (4) employer violated several laws and committed several torts. We address each argument in turn.

### A.   Due Process

¶ 10    Gray asserts that she did not own a working phone on the date of the second hearing, and that the 7:00 a.m. time of that hearing precluded her from using a phone at the Greeley Workforce Center.  Accordingly, she argues, the Division effectively denied her the opportunity to participate in the second hearing, and, by extension, violated her due process rights.

¶ 11    Due process requires that a claimant be granted an opportunity to be heard before the Division denies benefits.  *See Mountain States Tel. & Tel. Co. v. Dept. of Lab. & Emp.*, 520 P.2d

586, 588 (Colo. 1974) (holding that due process entitles litigants to advance notice and an opportunity to be heard before state action resulting in deprivation of a significant property interest). We agree with the Panel's conclusion that Gray received such an opportunity.

¶ 12　　We note that the first hearing was scheduled for 1:00 p.m. As Gray makes clear in her briefing, she had access to a phone at that time. She does not deny that she timely received the notice of the first hearing and the instructions for accessing it. Nor does Gray dispute that she also timely received notice of the second hearing, which included contact information for the hearing office and noted, in bold text, "***If you have questions before or after the hearing, please call 303-318-9299 or 1-800-405-2338.***" Additionally, the notice provided, in bold and capitalized text, a number to call "as soon as possible" with "**REQUESTS FOR ACCOMMODATIONS**."

¶ 13　　Although she asserts that she had no working phone on the date of the second hearing, she acknowledges that the Greeley Workforce Center had a phone she could have accessed during business hours before the hearing to request a different format or time. Gray does not argue that she tried to contact the Division in

advance to make such arrangements, and we see no indication that she did so.

¶ 14    Due process only requires that a party be given *an opportunity* to be heard; it does not mandate that the party, in fact, be heard if the party chooses not to take advantage of the opportunity. *See Norton v. Colo. State Bd. of Med. Exam'rs*, 821 P.2d 897, 901-02 (Colo. App. 1991). Accordingly, we discern no reason to depart from the Panel's conclusion that Gray was provided due process.

## B.    Good Cause

¶ 15    Gray contends that the Panel erred by failing to consider whether there was good cause to excuse her absence at the second hearing. She further argues that there was such good cause. Because we disagree that the Panel should have considered Gray's good cause argument, we do not reach her second argument.

¶ 16    Regulation 12.1.3.5 specifies that "good cause may not be established for the failure of an appealing party to participate in a second hearing as directed which was set because that party failed to participate as directed in the first hearing." 7 Code Colo. Regs. 1101-2. Thus, the Panel properly construed and applied Regulation 12.1.3.5 when it declined to consider whether good cause excused

Gray's failure to appear at the second hearing. For this reason, we may not set the order aside on the grounds that it lacked a good cause analysis.

### C. Merits of the Deputy's Determination

¶ 17    Gray also challenges the merits of the deputy's decision. Specifically, she argues that the deputy erred by (1) crediting employer's false statements and (2) finding that Gray voluntarily resigned. However, because the Panel did not address these issues, we may not review them. *See* § 8-74-107 (granting the court jurisdiction to review only the Panel's decision); *People in Interest of M.B.*, 2020 COA 13, ¶ 14, 459 P.3d 766, 769 (explaining that an appellate court generally reviews only matters ruled on in the order being appealed).

### D. Alleged Violations

¶ 18    Finally, Gray argues that employer violated several statutes and committed several torts. But we cannot consider those arguments because she did not previously raise them. We are an appellate court and do not adjudicate claims in the first instance. § 13-4-102, C.R.S. 2025; *see Doe v. Wellbridge Club Mgmt. LLC*,

2022 COA 137, ¶ 31, 525 P.3d 682, 689 (The Court of Appeals is "a court of review, not of first view.").

## IV.   Disposition

¶ 19     The Panel's order is affirmed.

JUDGE WELLING and JUDGE TOW concur.